Joan Hamilton Shawnee County District Attorney Shawnee County Courthouse 200 E. 7th Topeka, Kansas 66603
Dear Ms. Hamilton:
As Shawnee county district attorney you request our opinion whether an assistant district attorney can continue to be a conservator. You also ask whether the support staff in the district attorney's office can be included within the union contracts, rules, etc. and whether you are precluded from taking action until the contract talks are completed.
K.S.A. 22a-106(b) in pertinent part states:
 "[E]ach district attorney and his assistant district attorneys shall devote full time to official duties and shall not engage in the civil practice of law, except as required in performing his official duties. . . ."
The statute mandates that an assistant district attorney work full-time and not independently practice civil law. Since a person need not be an attorney to be a conservator pursuant to K.S.A. 59-3002 et seq., we opine that as long as the assistant district attorney does not practice civil law when acting as a conservator and his job as a conservator does not interfere with his ability to devote full time to his duties he may continue in his role as a conservator.
Your next question is whether the support staff in the district attorney's office can be part of the union contracts, rules, etc. The definition of public employee means "any person employed by any public agency, except those persons classified as supervisory employees, professional employees of school districts, as defined by subsection (c) of K.S.A. 72-5413, elected and management officials, and confidential employees." K.S.A. 75-4322(a).
Nothing in these definitions appear to preclude the support staff from being able to be part of the union contracts. Furthermore, since the county and the former district attorney did not object to their inclusion, the Kansas court has held:
 "Once the public employer decides to be covered by the Act, K.S.A. 75-4321(c), and a majority of the employees of the unit elect to be represented by an employee organization, K.S.A. 75-4327(d), the formally recognized employee organization is granted exclusive recognition to represent all of the employees in the unit. K.S.A. 75-4328. A majority of the employees having voted in favor of representation, all are represented — whether they be members of the employee organization or not, and whether or not they agree with all of the policies, acts, and contracts of the employee organization." Gorham v. City of Kansas City, 225 Kan. 369, 376 (1979).
Your final question is whether you are precluded from taking action until the contract talks are completed. Under the public employer-employee relations act, K.S.A. 75-4326 specifically states that:
 "Nothing in this act is intended to circumscribe or modify the existing right of a public employer to:
"(a) Direct the work of its employees;
 "(b) Hire, promote, demote, transfer, assign and retain employees in positions within the public agency;
"(c) Suspend or discharge employees for proper cause;
"(d) Maintain the efficiency of governmental operation;
 "(e) Relieve employees from duties because of lack of work or for other legitimate reasons;
 "(f) Take actions as may be necessary to carry out the mission of the agency in emergencies; and
 "(g) Determine the methods, means and personnel by which operations are to be carried on."
Furthermore, any memorandum of agreement which is entered into cannot preempt any state law or any of the public employer rights listed above. K.S.A. 75-4330.
Therefore, pursuant to the above-referenced statutes a public employer covered by the act is authorized to carry on the business of the office as she sees fit as long as she does not commit one of the prohibited practices listed in K.S.A. 75-4333.
In conclusion, as long as the assistant district attorney does not practice civil law when acting as a conservator, and his job as a conservator does not interfere with his ability to devote full time to his duties, he may continue in his role as a conservator. The support staff of the district attorney's office may be part of the union contracts, however, any memorandum of agreement which is entered into cannot preempt state law or the rights of the public employer listed in K.S.A. 75-4326.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Jane Stattelman Assistant Attorney General
RTS:JLM:MJS:bas